Schulte Roth & Zabel LLP
919 Third Avenue
New York, New York 10022
(212) 756-2000 (telephone)
(212) 593-5955 (facsimile)

*Counsel for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
VICTORIA FULLER,

              Plaintiff,

          - against -

INTERVIEW, INC.; BRANT PUBLICATIONS, INC., as the owner of Interview, Inc.; PETER BRANT, individually and as the shareholder and owner of Brant Publications, Inc.; SANDRA J. BRANT, individually and as the shareholder and owner of Brant Publications, Inc.; and DEBORAH BLASUCCI, individually and as the Executive Vice President and Chief Financial Officer of Interview, Inc. and Brant Publications, Inc.,

              Defendants.
-----------------------------------------------------------x

Civ. No.: 07 CIV 5728 (KMK)

**ANSWER AND DEFENSES OF INTERVIEW, INC., BRANT PUBLICATIONS, INC., PETER BRANT, SANDRA J. BRANT, and DEBORAH BLASUCCI**

       Defendants, Interview Inc. ("Interview"), Brant Publications Inc. ("Brant Publications"), Peter Brant, individually and as the shareholder and owner of Brant Publications, Sandra J. Brant, individually and as the shareholder and owner of Brant Publications, and Deborah Blasucci ("Ms. Blasucci"), individually and as the Executive Vice President and Chief Financial Officer of Brant Publications (collectively, "Defendants"), by their attorneys, Schulte Roth & Zabel LLP, as and for their Answer to the Complaint, each states as follows:

10461627.5

## THE PARTIES

1. Admits, upon information and belief, the allegations contained in paragraph 1 of the Complaint.

2. Admits the allegations contained in paragraph 2 of the Complaint.

3. Denies the allegations contained in paragraph 3 of the Complaint, except admits that Interview operates in the same business offices as Brant Publications.

4. Admits the allegations contained in paragraph 4 of the Complaint.

5. Admits the allegations contained in paragraph 5 of the Complaint.

6. Denies the allegations contained in paragraph 6 of the Complaint, except admits that Ms. Blasucci is the Executive Vice President and Chief Financial Officer of Brant Publications.

## JURISDICTION AND VENUE

7. Denies the allegations contained in paragraph 7 of the Complaint, except admits that Plaintiff purports to bring claims pursuant to 29 U.S.C. § 2615, which, if cognizable, would confer jurisdiction.

8. Denies the allegations contained in paragraph 8 of the Complaint, except admits that Defendants conduct business in the Southern District of New York.

9. Denies the allegations contained in paragraph 9 of the Complaint, except admits that venue in this Court is proper because Defendants conduct business in the Southern District of New York.

## SUMMARY OF CLAIMS

10.     Denies the allegations contained in paragraph 10 of the Complaint, except admits that Plaintiff submitted Notice and Proof of Claim for Disability Benefits forms indicating that she was diagnosed by her physician as having gastroenteritis.

11.     Denies the allegations contained in paragraph 11 of the Complaint.

12.     Denies the allegations contained in paragraph 12 of the Complaint, except admits that Plaintiff purports to seek damages for alleged violations of the laws cited in paragraph 12 of the Complaint.

## FACTS COMMON TO ALL CLAIMS

13.     Denies the allegations contained in paragraph 13 of the Complaint, except admits that on or about February 14, 1994, Plaintiff commenced her employment at Interview and that at various times during her tenure at Interview her masthead titles included Fashion Advertising Manager and Fashion Director.

14.     Admits the allegations contained in paragraph 14 of the Complaint, except denies that Plaintiff reported "exclusively" to Sandra Brant.

15.     Denies the allegations contained in paragraph 15 of the Complaint, except admits that in or about April 1998, Plaintiff was promoted to the position of Interview's Advertising Director and that with such promotion came certain additional responsibilities.

16.     Admits the allegations contained in paragraph 16 of the Complaint.

17.     Denies the allegations contained in paragraph 17 of the Complaint, except admits that in or about February 2004, Plaintiff was given the new title of Vice President and Associate Publisher of Interview.

18.     Denies the allegations contained in paragraph 18 of the Complaint.

19. Denies the allegations contained in paragraph 19 of the Complaint.

20. Denies the allegations contained in paragraph 20 of the Complaint, except admits that at all relevant times Defendants had a responsibility to adhere to all applicable laws and regulations relating to discrimination and retaliation with respect to employees of Interview and Brant Publications.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint, except admits that on December 7, 2006, Plaintiff left work early, advised Marie Mascaro, Vice President and Director of Human Resources of Brant Publications, that she would commence medical leave that day and requested from Ms. Mascaro forms necessary to apply for Short Term Disability benefits.

22. Denies the allegations contained in paragraph 22 of the Complaint.

23. Admits the allegations contained in paragraph 23 of the Complaint.

24. Denies the allegations contained in paragraph 24 of the Complaint, except admits that on or about December 8, 2006, Plaintiff contacted her assistant and requested that she send certain work files to Plaintiff's home. Each Defendant further admits that on or about December 8, 2006, Ms. Mascaro sent Plaintiff a written communication and respectfully refers the Court to the entirety of the document referenced in paragraph 24 of the Complaint for its contents.

25. Denies the allegations contained in paragraph 25 of the Complaint.

26. Denies the allegations contained in paragraph 26 of the Complaint, except admits that on or about December 14, 2006, Plaintiff's Short Term Disability Claim forms were given to Ms. Mascaro and Ms. Mascaro acknowledged in writing receipt of such forms.

27. Denies the allegations contained in paragraph 27 of the Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint.

29. Denies the allegations contained in paragraph 29 of the Complaint, except admits that on or about January 9, 2007, Ms. Mascaro received a revised Notice and Proof of Claim for Disability Benefits form, which listed February 1, 2007 as the date on which Plaintiff would be able to "perform [her] usual work."

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint, except admits that on or about January 31, 2007, Ms. Mascaro received a handwritten note from Plaintiff's physician indicating that Plaintiff should remain on medical leave until March 12, 2007.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint, except admits that on or about February 9, 2007, Ms. Mascaro received a revised Notice and Proof of Claim for Disability Benefits form, which listed March 2, 2007 as the date on which Plaintiff would be able to "perform [her] usual work."

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint.

33. Denies the allegations contained in paragraph 33 of the Complaint, except admits that Plaintiff returned to work on March 2, 2007. Each Defendant further admits that for security purposes during Plaintiff's medical leave, the lock on Plaintiff's office door was changed.

34. Denies the allegations contained in paragraph 34 of the Complaint.

35. Denies the allegations contained in paragraph 35 of the Complaint, except admits that on or about March 5, 2007, Ms. Blasucci requested from Plaintiff a fitness for duty certification from Plaintiff's physician.

36. Denies the allegations contained in paragraph 36 of the Complaint, except admits that on or about March 15, 2007, Ms. Mascaro received a handwritten note from Plaintiff's physician, Jerry Clements, MD, stating that Plaintiff was in "good health to return to work."

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint, except admits that on or about March 12, 2007, Ms. Mascaro received a handwritten note from Plaintiff's physician, Jerry Clements, MD, indicating that Plaintiff was "scheduled to have surgery on March 26, 2007," and that Plaintiff's "recovery period [would] likely be three months from that date."

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint.

40. Denies the allegations contained in paragraph 40 of the Complaint, except admits that on or about March 14, 2007, Ms. Mascaro provided to Plaintiff a letter signed by Ms. Blasucci indicating that Plaintiff's employment would be suspended without pay pending investigation of reportedly illegal and unethical conduct and respectfully refers the Court to the document referenced in paragraph 40 of the Complaint for its contents.

41. Denies the allegations contained in paragraph 41 of the Complaint, except admits that on or about March 27, 2007, Defendant Sandra Brant sent Plaintiff a letter stating

that Plaintiff's employment was being terminated for Cause and respectfully refers the Court to the document referenced in paragraph 41 of the Complaint for its contents.

42. Denies the allegations contained in paragraph 42 of the Complaint.

43. Denies the allegations contained in paragraph 43 of the Complaint.

44. Denies the allegations contained in paragraph 44 of the Complaint.

45. Denies the allegations contained in paragraph 45 of the Complaint.

46. Denies the allegations contained in paragraph 46 of the Complaint.

47. Denies the allegations contained in paragraph 47 of the Complaint.

**FIRST CAUSE OF ACTION**

48. Each Defendant repeats and reasserts the responses to paragraphs 1 to 47 of the Complaint as if fully set forth herein.

49. Denies the allegations contained in paragraph 49 of the Complaint.

50. Denies the allegations contained in paragraph 50 of the Complaint.

**SECOND CAUSE OF ACTION**

51. Each Defendant repeats and reasserts the responses to paragraphs 1 to 50 of the Complaint as if fully set forth herein.

52. Denies the allegations contained in paragraph 52 of the Complaint.

53. Denies the allegations contained in paragraph 53 of the Complaint.

**THIRD CAUSE OF ACTION**

54. Each Defendant repeats and reasserts the responses to paragraphs 1 to 53 of the Complaint as if fully set forth herein.

55. Denies the allegations contained in paragraph 55 of the Complaint.

56. Denies the allegations contained in paragraph 56 of the Complaint.

## ALLEGATIONS MADE IN HEADINGS

Denies any allegations made in any headings contained in the Complaint.

## GENERAL DENIAL

Denies each and every allegation, statement, matter and thing in the Complaint not expressly admitted or qualified herein.

## DEFENDANTS' AFFIRMATIVE AND OTHER DEFENSES

Interview, Brant Publications, Peter Brant, Sandra J. Brant and Deborah Blasucci each assert the following additional and affirmative defenses without assuming the burden of proof on such defenses that would otherwise rest on Plaintiff:

### First Defense

The Complaint fails to state a claim against Defendants upon which relief can be granted.

### Second Defense

Certain of the claims asserted against Defendants are barred, in whole or in part, because they are subject to arbitration pursuant to Plaintiff's Employment Agreement with Interview.

### Third Defense

The claims asserted against Defendants in the Complaint are barred, in whole or in part, by the doctrine of unclean hands.

**Fourth Defense**

The claims asserted against Defendants in the Complaint are barred, in whole or in part, because any adverse employment action allegedly suffered by Plaintiff resulted from Plaintiff's own misconduct.

**Fifth Defense**

The claims asserted in the Complaint for punitive damages pursuant to New York City Administrative Code § 8-502(a), *et. seq.*, are barred because Plaintiff has not, and cannot, allege facts sufficient to meet the standard necessary to support an award of punitive damages.

**Sixth Defense**

The claims asserted against Defendants in the Complaint are barred, in whole or in part, because, upon information and belief, Plaintiff failed to mitigate her alleged damages.

**Seventh Defense**

The claims asserted against Defendants in the Complaint are barred, in whole or in part, because all of Defendants' alleged actions relating to the Plaintiff were based on legitimate, non-discriminatory business considerations, not because of her alleged disability or her requests for medical leave.

**Eighth Defense**

The claims asserted against Defendants in the Complaint are barred, in whole or in part, because Defendants have established and complied with policies, programs and procedures for the prevention and detection of unlawful discriminatory practices.

**Ninth Defense**

The claims asserted against Defendants in the Complaint are barred, in whole or in part, because Plaintiff could not, with reasonable accommodation, satisfy the essential requisites of her job.

**Tenth Defense**

The claims purporting to set forth causes of action against Defendants for retaliation pursuant to New York State Executive Law § 296, *et. seq.*, and New York City Administrative Code § 8-502(a), *et. seq*, are barred, in whole or in part, because Plaintiff has not alleged, and cannot prove, a prima facie case of retaliation.

**Eleventh Defense**

The claims asserted against Defendants in the Complaint for liquidated damages pursuant to 29 U.S.C. § 2617 are barred, in whole or in part, because Defendants reasonably and in good faith believed that their alleged acts relating to Plaintiff did not violate 29 U.S.C. §§ 2601, *et. seq.*

**DEFENDANT BRANT PUBLICATION'S AFFIRMATIVE AND OTHER DEFENSES**

**First Defense**

The claims asserted against Defendant Brant Publications in the Complaint are barred because Defendant Brant Publications was not properly served with the Complaint.

**DEFENDANT DEBORAH BLASUCCI'S AFFIRMATIVE AND OTHER DEFENSES**

**First Defense**

The claims asserted against Defendant Deborah Blasucci in her individual capacity in the Complaint are barred, in whole or in part, because Ms. Blasucci is not an "employer" under 29 U.S.C. § 2601, *et. seq.,* or New York State Executive Law § 296, *et. seq.*

## DEFENDANT PETER BRANT'S AFFIRMATIVE AND OTHER DEFENSES

### First Defense

The claims asserted against Defendant Peter Brant in the Complaint are barred because Peter Brant had no involvement in the alleged facts and circumstances giving rise to Plaintiff's lawsuit.

\*   \*   \*

WHEREFORE, each of Defendants, Interview, Brant Publications, Peter Brant, Sandra J. Brant and Deborah Blasucci, respectfully requests that the Court enter judgment on its behalf dismissing the Complaint with prejudice, and granting Defendants such other and further relief as the Court deems just and proper.

Dated: New York, New York
July 11, 2007

SCHULTE ROTH & ZABEL LLP

By:  /s/ Mark E. Brossman
    Mark E. Brossman
    Scott A. Gold
    Jill L. Goldberg

919 Third Avenue
New York, New York  10022
(212) 756-2000

*Attorneys for Defendants*