# Schulte Roth&Zabel LLP

919 Third Avenue
New York, NY 10022
212.756.2000
212.593.5955 fax

www.srz.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

Writer's Direct Number
212.756.2331

Writer's E-Mail Address
jill.goldberg@srz.com

March 17, 2008

**VIA FIRST CLASS MAIL**

The Honorable Richard Sullivan
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re:   *Fuller v. Interview, Inc., et al.*, 07-CV-05728 (RJS)

Dear Judge Sullivan:

      In our letter dated March 12, 2008, we inadvertently omitted the full case name and docket number of the litigation about which were writing. The case name and docket number are set forth above and a copy of our March 12, 2008 letter is attached hereto for your reference.

      We apologize for any inconvenience. Please contact me if you have any questions regarding this matter.

Respectfully,



Jill Goldberg Mintzer

cc:   Magistrate Judge Debra C. Freeman
       Alan J. Rich
       Daniel J. Kaiser

10626924.1

# Schulte Roth&Zabel LLP

919 Third Avenue
New York, NY 10022
212.756.2000
212.593.5955 fax

www.srz.com

Writer's Direct Number
212.756.2050

Writer's E-mail Address
mark.brossman@srz.com

March 12, 2008

**VIA FIRST CLASS MAIL**

The Honorable Richard Sullivan
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Dear Judge Sullivan:

      We write to advise the Court of the current status of the above-captioned litigation (the "Litigation"). On February 5, 2008, Alan J. Rich advised us that Victoria Fuller retained him to represent her in the Litigation (and a related arbitration before the American Arbitration Association) and that his firm was substituting for Daniel J. Kaiser of Kaiser Saurborn & Mair, P.C., who is Ms. Fuller's counsel of record. Although Mr. Rich advised us that he would file papers seeking to be substituted as counsel of record and seeking an extension of the April 1, 2008 discovery deadline (which was ordered by the Court pursuant to the Case Management Plan, dated December 13, 2007), we are not aware of any such filings to date. In addition, Mr. Rich has not contacted us in an effort to reach a mutually agreed discovery schedule. The parties have not taken any depositions in this litigation and have not completed document discovery.

      In addition, the Court referred the Litigation to Magistrate Judge Freeman for purposes of settlement mediation. Magistrate Judge Freeman requested that the parties attempt settlement negotiations on their own before entering into mediation before her. During a January 23, 2008 teleconference before Magistrate Freeman, Mr. Kaiser, Ms. Fuller's former counsel, stated that he would advise Defendants of Ms. Fuller's initial settlement demand. Mr. Kaiser never advised Defendants of such demand. Mr. Rich, Ms. Fuller's new counsel, has not yet made a demand. Since Mr. Rich took over as counsel, the parties have been forced to reschedule two teleconferences with Magistrate Judge Freeman.

      In light of these events, we believe that the parties will be unable to complete discovery by April 1, 2008, and that the post-discovery conference currently scheduled for April 7, 2008 may need to be rescheduled.

10626924.1



Judge Richard J. Sullivan
March 12, 2008
Page 2

        Please do not hesitate to contact me if you have questions regarding this letter or the Litigation.

        Respectfully,

        *Mark Brossman*

        Mark E. Brossman

cc:    Magistrate Judge Debra C. Freeman
       Alan J. Rich
       Daniel J. Kaiser

*[Handwritten note:]* The April 7, 2008 Conference shall take place as scheduled. The parties may raise their request for an extension of the discovery deadline at that time.

SO ORDERED.
Dated:
RICHARD J. SULLIVAN
U.S.D.J.

10626924.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/13/07
```

VICTORIA FULLER   Plaintiff[s],

- v -

INTERVIEW, INC., et al.,   Defendant[s].

No. 07-CV-05728 (RJS) ( DF)

CASE MANAGEMENT PLAN
AND SCHEDULING ORDER
ECF

RICHARD J. SULLIVAN, District Judge:

At the conference before the Court held on December 13, 2007, this Case Management Plan and Scheduling Order was adopted in accordance with Rules 16-26(f) of the Federal Rules of Civil Procedure.

1. All parties (consent) **(do not consent)** to disposition of this case by a Magistrate Judge, pursuant to 28 U.S.C. § 636(c) [circle one]. [If all consent, the remainder of the Order need not be completed at this time.]

2. This case **(is)** (is not) to be tried to a jury [circle one].

3. No additional parties may be joined except with leave of the Court.

4. Amended pleadings may not be filed except with leave of the Court.

5. Initial disclosures pursuant to Rule 26(a)(1) will be completed not later than **January 4, 2008** [absent exceptional circumstances, within fourteen (14) days of the date of the parties' conference pursuant to Rule 26(f)]. **Please see footnote 1 below.**

6. All fact discovery is to be completed no later than ~~April 11, 2008~~ **April 11, 2008** [a period not to exceed 120 days unless the Court finds that the case presents unique complexities or other exceptional circumstances]. ~~Please see footnote 1 below~~.

---

[1] ~~Defendants believe that the above-captioned litigation involves exceptional circumstances in light of the fact that the parties are involved in an arbitration before the American Arbitration Association (the "AAA arbitration") regarding claims arising from the same employment relationship as this litigation. The AAA arbitration is described in greater detail in the parties' December 6 Letter to Your Honor (which is attached hereto for your reference). Defendants respectfully request that the discovery deadline in this~~

10568594.1

7.     The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided the parties meet the fact discovery completion date in ¶ 6 above:

     a.    Initial requests for production of documents to be served by **January 14, 2008.**

     b.    Interrogatories to be served by **February 1, 2008**.

     c.    Depositions to be completed by **April 1, 2008**.

        i.    Unless the parties agree or the Court so orders, depositions are not to be held until all parties have responded to initial requests for document production.

        ii.    There is no priority in deposition by reason of a party's status as plaintiff or defendant.

        iii.    Unless the parties agree or the Court so orders, non-party depositions shall follow initial party depositions.

     d.    Requests to Admit to be served no later than **April [handwritten], 2008**.

8.     All expert disclosures, including reports, production of underlying documents and depositions are to be completed by: **TBD**

     a.    Expert(s) of Plaintiff(s) ~~May 30, 2008~~

     b.    Expert(s) of Defendant(s) ~~June 30, 2008~~ **TBD**

9.     All discovery is to be completed ~~no later than~~ **TBD**

10.    The Court ~~will~~ **has** scheduled a post-~~discovery~~ **fact** status conference (see ¶ 16) ~~within three weeks of the close of all discovery~~ **for April 7, 2009 at 4:30**

11.    Pre-motion letters regarding dispositive motions, if any, are to be submitted no later than two weeks prior to the post-discovery status conference date listed in ¶ In accord with this Court's Individual Rule 2.A, response letters thereto are to be submitted within three business days from service of the initial pre-motion letter.

12.    All counsel must meet for at least one hour to discuss settlement not later than two

~~litigation be scheduled for a date following the resolution of the AAA arbitration as the AAA arbitration may resolve, alter and/or limit the parties' dispute before Your Honor. Plaintiff does not join Defendants' request pursuant to this footnote 1, and respectfully requests that Your Honor consider adopting the schedule set forth herein.~~

10568594.1

weeks following the close of fact discovery. Accordingly, Counsel for the parties have discussed holding a settlement conference before a Magistrate Judge or the Southern District's Mediation Program and request: [check one]

a. ____✓____ Referral to a Magistrate Judge for settlement discussions
              MJ Freeman -- right away
b. _____ Referral to the Southern District's Mediation Program

13. The parties shall submit a Joint Pretrial Order prepared in accordance with the undersigned's Individual Practice Rule 3 and Rule 26(a)(3). If this action is to be tried before a jury, proposed voir dire, jury instructions, and a verdict form shall be filed with the Joint Pretrial Order. Counsel are required to meet and confer on jury instructions and verdict form in an effort to make an agreed upon submission.

14. Parties have conferred and their present best estimate of the length of trial is

One week. _____

---

### TO BE COMPLETED BY THE COURT:

15. [Other directions to the parties:]

16. ~~The post-discovery~~ A status conference is scheduled for __April 7, 2008__ at 4:30

SO ORDERED.

DATED:   New York, New York
         Dec. 13, 2007

                                        _____
                                        RICHARD J. SULLIVAN UNITED STATES
                                        DISTRICT JUDGE

10568594 1