# Schulte Roth&Zabel LLP

919 Third Avenue
New York, NY 10022
212.756.2000
212.593.5955 fax

www.srz.com

Writer's Direct Number
212.756.2331

Writer's E-mail Address
jill.goldbergmintzer@srz.com

June 6, 2008

**VIA EMAIL AND FIRST CLASS MAIL**

Mr. Alan J. Rich, Esq.
Law Offices of Alan J. Rich, LLC
26 Court Street
Suite 1801
Brooklyn, New York 11242

   Re: *Fuller v. Interview, Inc., et al.*, 07-CV-05728 (RJS)

Dear Alan:

  Enclosed are Defendant's Amended Objections and Responses to Plaintiff's Interrogatories ("Interrogatory Responses") and verifications of such Interrogatory Responses from Deborah Blasucci and Sandra Brant.[1]

  Please contact me when you are prepared to commence settlement negotiations.

Sincerely,

*Jill Goldberg Mintzer*
Jill Goldberg Mintzer

Enclosures

---

[1] Per your May 23, 2008 email and our previous discussions, will not be providing a verification from Peter Brant at this time. As reflected in Defendants' Amended Answer, Mr. Brant had no involvement in the alleged facts and circumstances giving rise to Plaintiff's lawsuit.

10687818.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
VICTORIA FULLER,

                Plaintiff,

          - against -

INTERVIEW, INC.; BRANT PUBLICATIONS, INC., as the owner of Interview, Inc.; PETER BRANT, individually and as the shareholder and owner of Brant Publications, Inc.; SANDRA J. BRANT, individually and as the shareholder and owner of Brant Publications, Inc.; and DEBORAH BLASUCCI, individually and as the Executive Vice President and Chief Financial Officer of Interview, Inc. and Brant Publications, Inc.,

                Defendants.
-------------------------------------------------------x

Civ. No.: 07 CIV 5728

**DEFENDANTS' AMENDED OBJECTIONS & RESPONSES TO PLAINTIFF'S INTERROGATORIES**

Defendants, Interview Inc. ("Interview"), Brant Publications Inc. ("Brant Publications"), Peter Brant, individually and as the shareholder and owner of Brant Publications, Sandra J. Brant, individually and as the shareholder and owner of Brant Publications,[1] and Deborah Blasucci, individually and as the Executive Vice President and Chief Financial Officer of Brant Publications (collectively, "Defendants"), by their attorneys, Schulte Roth & Zabel LLP, hereby object and respond (collectively, the "Responses") to Plaintiff's Interrogatories (collectively, the "Interrogatories").

## GENERAL STATEMENTS

1.       Defendants' Responses are based on information presently known to Defendants and/or their counsel. Defendants reserve the right to supplement, amend or modify the

---

[1] As of February 22, 2008, Sandra J. Brant is no longer an owner or shareholder of Brant Publications.

10677132.1

Responses in the event and to the extent that future discovery so justifies. Should Defendants at any time supplement or amend their Responses to any Interrogatory by agreement or otherwise, Defendants reserve the right to assert any available privilege, immunity or other protection as to any communications, information or documents that might otherwise be discoverable in connection with Defendants' supplementation or amendment.

2.      Nothing herein shall be deemed an admission, concession, or waiver by Defendants of any contention with respect to the validity of any claim or argument asserted by Plaintiff.

3.      By making information available to Plaintiff, Defendants do not waive, and do not intend to waive, any objections they may have regarding Plaintiff's use of such information, and Defendants expressly reserve: (a) all objections regarding the competency, privilege, relevance, materiality and admissibility of all information produced and the contents thereof; (b) the right to object to Plaintiff's use of any of the Responses, in whole or in part, or to object to the subject matter covered thereby in any later stage of this litigation or any other subsequent proceeding, on any or all of the grounds set forth herein; (c) the right to object on any and all proper grounds, at any time, to other discovery procedures involving or relating to the subject matter of any information produced by Defendants; and (d) all objections as to vagueness and ambiguity.

## GENERAL OBJECTIONS

Defendants assert the following general objections, each of which is hereby incorporated by reference in each of the specific Responses below.

1.      Defendants object to the Interrogatories to the extent that they may purport to impose upon Defendants obligations beyond those imposed by the Federal Rules of Civil Procedure and the local rules of this Court, including Local Rule 33.3.

2.      Defendants object to the Interrogatories to the extent that they seek information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity from, or prohibition of, disclosure. The inadvertent disclosure of documents or information protected by any such privilege shall not constitute a waiver by Defendants of their right to assert any applicable privilege as to such documents or as to any other information. Any such inadvertently produced document(s) shall be returned to Defendants, along with any copies made thereof.

3.      Defendants object to the Interrogatories to the extent that they purport to compel the production of proprietary and/or confidential information.

4.      Defendants object to the Interrogatories to the extent that they seek information which is publicly available.

5.      Defendants object to the Interrogatories to the extent that they seek irrelevant information not reasonably calculated to lead to the discovery of admissible evidence.

6.      Defendants object to the Interrogatories to the extent that they call for a legal conclusion, a legal argument, or constitute a discovery request that is premature at this stage of the litigation.

7.      Defendants object to the Interrogatories to the extent that they are unduly burdensome, oppressive or seek material that is unreasonably cumulative, duplicative or obtainable from other sources more convenient, less burdensome, or less expensive.

8.      Defendants object to the Interrogatories to the extent that they are vague, ambiguous or overbroad.

9.      Defendants object to the Interrogatories to the extent that they are overbroad as to temporal scope.

10.	Defendants object to the Interrogatories to the extent that they are repetitious, redundant and/or seek information already in Plaintiff's possession. Defendants will not produce documents more than once in the event a given document may be responsive to more than one request.

11.	Defendants object to the Interrogatories to the extent that they are so broadly worded that they require narrative responses that may be more effectively obtained through an oral examination or document production.

12.	Defendants reserve all objections to the admissibility of any information produced in response to the Interrogatories. Production of any document or information in response to the Interrogatories does not constitute an admission by Defendants that such document or information is relevant to or admissible in this litigation.

## SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES

INTERROGATORY NO. 1

Identify each person who supplied information in answering these interrogatories. Specify by numbers those answers to which each person supplied the information.

Response to Interrogatory No. 1

Defendants object to Interrogatory No. 1 on the grounds that it is overbroad, unduly burdensome and calls for information protected from disclosure by the attorney-client privilege, the attorney work product doctrine and/or other applicable privileges or immunities. Subject to the foregoing General and Specific Objections, Defendants respond that to the best of their knowledge, the following people have supplied information regarding the Interrogatories:[2]

---

[2] We have listed the specific interrogatories for which each individual provided information in parenthesis following each individual's name.

- Deborah Blasucci, Brant Publications (Interrogatory Responses Nos. 2–7);

- William Murray, Anchin Block & Anchin LLP (Interrogatory Responses Nos. 2(a), 3 and 4); and

- Joshua Homer, Brant Publications (Interrogatory Responses Nos. 2(a) and (c), 3 and 4).

INTERROGATORY NO. 2

State, with specificity, all reasons for which Plaintiff, Victoria Fuller, was terminated, including, but not limited to, the specific factual bases referred to in the Termination Letter. When identifying all reasons for termination, include references to any specific "for cause" grounds enumerated in para. 6.1 of the "Employment Agreement," the specific factual basis for each separate "for cause" ground, and the factual basis for any other ground for termination, whether or not enumerated in the Employment Agreement. Identify each document that defendants used at the time of plaintiff's termination that formed a factual basis upon which plaintiff was terminated.

Response to Interrogatory No. 2

Defendants object to Interrogatory No. 2 on the grounds that it is overbroad, unduly burdensome, fails to define quoted terms, calls for legal conclusions and calls for information protected from disclosure by the attorney-client privilege, the attorney work product doctrine and/or other applicable privileges or immunities. Defendants further object on the ground that this Interrogatory 2 calls for information that is already available to Plaintiff. Subject to the foregoing General and Specific Objections, Defendants respond that Plaintiff's employment was terminated for the following reasons:

10677132.1          5

(a) Plaintiff engaged in acts of material fraud, theft and material dishonesty in violation of Section 6.1(a) of her Employment Agreement dated August 15, 2002, as amended, bearing Bates numbers BRANT ARB HC 000402-408 (the "Employment Agreement"), by engaging in a pattern of submitting falsified and fabricated expense reports in 2005 and 2006 and demanding that her assistants, including Joshua Homer, Adrian Bellazza and Marie LaFrance, fabricate Plaintiff's expense reports so that she would be reimbursed for all of her receipts, including those for personal expenses. *See* Exhibit A (Expense Reports from 2005 and 2006)[3]; BRANT ARB HC 000091-97 (Adrien Bellazza statements and notes regarding Fuller's 2005 Expense Reports) BRANT ARB HC 000098-000100, BRANT ARB HC 000136-000144 and BRANT ARB HC 002100-002101 (Letter from Joshua Homer with attachments), BRANT ARB HC 000222-000225 (Marie LaFrance statements); *see also* BRANT ARB HC 000101-000278 and BRANT ARB HC 002105-002131 (Ms. Fuller's 2005 and 2006 calendars). Such expense reports and the receipts attached thereto reflect that Ms. Fuller repeatedly submitted:[4]

  (i) taxi receipts for personal travel expenses, including trips to her psychologist and to meals with friends, *see, e.g.* BRANT ARB HC 000080-83 (Notes taken by Deborah Blasucci during March 19, 2007 meeting with William Murray of Anchin Block & Anchin LLP), BRANT ARB HC 000091-97 (notes of Adrien Bellazza statement and Mr. Bellazza's comments regarding Fuller's expense reports), BRANT ARB HC 002105-002131 (Victoria Fuller's 2005 Calendar); *see also* Exhibit A (Expense Reports from 2005 and 2006), BRANT ARB HC 000101-000278 and BRANT ARB HC 002105-002131 (Ms. Fuller's 2005 and 2006 calendars);

  (ii) taxi receipts for alleged business travel that bear time stamps incongruent with the listed purpose of the travel, *see, e.g.*, BRANT ARB HC 000074-79 (including a taxi receipt dated December 19, 2005 at 3:51 p.m. for an event that began at 6 p.m.); February 2006 Expense Report (BRANT ARB HC 000154-161, 204-206) (including a receipt dated February 22, 2006 from Solo restaurant for a client lunch and taxi receipts dated February 16, 2006 for travel to and from the same client lunch); April 2006 Expense Report (BRANT ARB HC 000169, 853-59) (including a taxi receipt dated April 19, 2006 at 7:11 p.m. for a breakfast meeting; a taxi receipt dated April 20, 2006 at 10:25 a.m. or 10:25 p.m. to a movie screening and a

---

[3] For ease of reference and review, we have compiled a list of Bates ranges that correspond to Plaintiff's expense reports for each relevant month. That list is attached hereto as Exhibit A.

[4] This Response No. 2 sets forth the categories of Plaintiff's improper behavior and violations of her Employment Agreement on which Defendants relied in terminating Plaintiff's employment and lists examples of such behavior and violations. Although Defendants have made a good faith effort to list all of the factual bases for the decision to terminate Plaintiff's employment, they reserve the right to supplement Response No. 2 if they become aware of additional facts.

receipt home from the same screening at 7:48 p.m.; a taxi receipt dated April 26, 2006 at 5:58 p.m. home from a dinner that ended at 8:32 p.m.); *see also* BRANT ARB HC 000148 (taxi receipts dated January 25, 2006 from the same taxi medallion number for travel to a client dinner at 9:38 p.m. and home from the same dinner at 9:55 p.m.); *see also* Exhibit A (Expense Reports from 2005 and 2006) and BRANT ARB HC 000101-000278 and BRANT ARB HC 002105-002131 (Ms. Fuller's 2005 and 2006 calendars);

(iii) taxi receipts for travel from the office to Plaintiff's home for "working late" on evenings on which she did not work late (*i.e.*, until 8 or 9 p.m.), *see, e.g.,* BRANT ARB 000098-100; *see also* Exhibit A (Expense Reports from 2005 and 2006), BRANT ARB HC 000101-000278 and BRANT ARB HC 002105-002131 (Ms. Fuller's 2005 and 2006 calendars);

(iv) taxi receipts from the office to Plaintiff's home with vastly different mileage reflected on individual receipts (when neither Brant Publications' offices nor Plaintiff's home were relocated), *see* BRANT ARB HC 000098-100, 136-140 (March [7], 2007 Letter from Joshua Homer and related notes regarding Plaintiff's expense reports); *see also* Exhibit A (Expense Reports from 2005 and 2006), BRANT ARB HC 000101-000278 and BRANT ARB HC 002105-002131 (Ms. Fuller's 2005 and 2006 calendars);

(v) receipts for Metrocards that were not used for the stated purpose (which Plaintiff directed her assistants to include on her expense reports so that "it wouldn't appear that she was taking taxis to every meeting"), *see* BRANT ARB HC 000091-93, 953, 961; *see also* Exhibit A (Expense Reports from 2005 and 2006), BRANT ARB HC 000101-000278 and BRANT ARB HC 002105-002131 (Ms. Fuller's 2005 and 2006 calendars);

(vi) receipts for meals and/or drinks that Plaintiff claimed were related to client meetings or events but were actually receipts for personal expenses for meals and/or drinks with Interview colleagues and/or friends, *see* BRANT ARB HC 000068-69 (May 24, 2005 Receipt from Indochine Restaurant); BRANT ARB HC 000070-73; *see also* Exhibit A (Expense Reports from 2005 and 2006), BRANT ARB HC 000101-000278 and BRANT ARB HC 002105-002131 (Ms. Fuller's 2005 and 2006 calendars); and

(vii) receipts for personal expenses that Plaintiff claimed were for client meetings, *see, e.g.* BRANT ARB HC 000164 (receipt dated March 15, 2006 from L'Occitane for lavender bath products, but submitted for reimbursement for client lunch); *see also* Exhibit A (Expense Reports from 2005 and 2006), BRANT ARB HC 000101-000278 and BRANT ARB HC 002105-002131 (Ms. Fuller's 2005 and 2006 calendars).

(b) Plaintiff engaged in acts of gross insubordination and repeated uncorrected insubordination in violation of Section 6.1(d) of her Employment Agreement, including her failure to comply with Brant Publications' instruction not to contact employees and/or clients during her FMLA leave in 2006 and 2007; her circumvention of Sandra Brant's directions regarding the creation of an Interview website; her failure to comply with Deborah Blasucci's directions regarding her return to work from FMLA leave on March 2, 2007 and her highly improper statements questioning Deborah Blasucci's authority. *See, e.g.*, BRANT ARB 19663 (December 8, 2006 email from Marie Mascaro to Ms. Fuller); BRANT ARB HC 001859 (January 4, 2007 email from Marie Mascaro to Ms. Fuller); BRANT ARB HC 001977-001990 (cell phone records from December 2007); BRANT ARB 025066 (December 5, 2006 email from Sandra Brant to Ms. Fuller); BRANT ARB 025067-68 (December 8, 2006 email from Marie Mascaro to David Hamilton and Deborah Blasucci); BRANT ARB 025078 (December 11, 2006 email from Marie LaFrance to Deborah Blasucci); BRANT ARB 025259 (December 12, 2006 email from Marie LaFrance to Deborah Blasucci); BRANT ARB 031686 (December 19, 2006 email from Ms. Fuller to Marie Mascaro); BRANT ARB 025092 (January 2, 2007 email from J.A. Forde to Deborah Blasucci); BRANT ARB 025099-100 (email chain including January 3, 2007 email from Ms. Fuller to Marie LaFrance); BRANT ARB 025097 (January 4, 2007 email from Ms. Fuller to Marie LaFrance); *see also* BRANT ARB HC 002045-2047 (Deborah Blasucci's outline for and notes from November 21, 2006 meeting with Ms. Fuller), BRANT ARB 019966-68 (March 5, 2007 email from Deborah Blasucci to Ms. Fuller), BRANT ARB 020035-37 (March 7, 2007 email from Deborah Blasucci to Ms. Fuller); BRANT ARB 025163-64 (March 21, 2007 email from Katryna Glettler to Deborah Blasucci); BRANT ARB 025156-57 (March 9, 2007 email from Renata Merriam to Deborah Blasucci).

(c) In addition to the "for Cause" bases for the termination of Plaintiff's employment set forth above, Plaintiff's poor work performance, including her intimidation of staff and alienation of clients contributed to Brant Publications' decision to terminate her employment. *See, e.g.*, BRANT ARB HC 002045-2047 (Deborah Blasucci's outline for and notes from November 21, 2006 meeting with Ms. Fuller); BRANT ARB 25229-31 (email chain including September 4, 2006 email from Ms. Fuller to David Hamilton); BRANT ARB HC 002494-99 and BRANT ARB 006277-87 (November 2006 through January 2007 communications regarding Puma); BRANT ARB 025163-64 (March 21, 2007 email from Katryna Glettler to Deborah Blasucci); BRANT ARB 025106-112 (January 8, 2007 email from Renata Merriam to David Hamilton and Deborah Blasucci and attached document); BRANT ARB 025125 (March 2, 2007 email from David Hamilton to Deborah Blasucci); BRANT ARB 025132 (March 2, 2007 email from Adrien Bellazza to Deborah Blasucci); BRANT ARB 025133 (March 2, 2007 email from Dan Pruyn to Deborah Blasucci).

INTERROGATORY NO. 3

State all facts referred to as part of defendants' "investigation," in defendants' Termination Letter, including identifying all documents which defendants used as a basis for the termination at the time it was effectuated.

Response to Interrogatory No. 3

Defendants object to Interrogatory No. 3 on the grounds that it is overbroad, vague and unduly burdensome, duplicative of Plaintiff's other interrogatories and calls for information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine and/or other applicable privileges or immunities. Subject to the foregoing General and Specific Objections, Defendants refer Plaintiff to their Response to Interrogatory No. 2 and part (a) thereof, regarding Plaintiff's violations of Section 6.1(a) of her Employment Agreement. In addition, Defendants state that their investigation included a March 19, 2007 meeting between Deborah Blasucci and William Murray, an accountant associated with Anchin Block & Anchin LLP, regarding Plaintiffs' expense reports; a meeting on or about March 7, 2007 between Deborah Blasucci and Joshua Homer and March 15, 2007 meetings between Deborah Blasucci and each of Adrien Bellazza and Marie LaFrance. *See, e.g.,* BRANT ARB HC 000080-83 (Notes taken by Deborah Blasucci during March 19, 2007 meeting with William Murray of Anchin Block & Anchin LLP); Exhibit A (Ms. Fuller's Expense Reports from 2005 and 2006); BRANT ARB HC 000091-97 (Adrien Bellazza statements and notes regarding Fuller's 2005 Expense Reports) BRANT ARB HC 000098-000100, BRANT ARB HC 000136-000144 and BRANT ARB HC 002100-002101 (Letter from Joshua Homer with attachments), BRANT ARB HC 000222-000225 (Marie LaFrance statement); *see also* BRANT ARB HC 000101-000278 and BRANT ARB HC 002105-002131 (Ms. Fuller's 2005 and 2006 calendars).

INTERROGATORY NO. 4

State the specific violations of the Employment Agreement that defendants claim were committed by plaintiff, when they were committed, and identify any documents that substantiate such claims of contractual violations. Identify any other documents which refer to or discuss such specific violations and discuss documents that substantiate such claims.

Response to Interrogatory No. 4

Defendants object to Interrogatory No. 4 on the grounds that it is overbroad, vague, unduly burdensome, duplicative of Plaintiff's other Interrogatories and calls for information protected from disclosure by the attorney-client privilege, the attorney work product doctrine and/or other applicable privileges or immunities. Subject to the foregoing General and Specific Objections, Defendants refer Plaintiff to their Response to Interrogatory No. 2.

INTERROGATORY NO. 5

State whether there were any written warnings given to plaintiff regarding any alleged violations of the Employment Contract by plaintiff. State whether there were any responses to any such written warnings. Identify all documents referred to that were warnings and responses.

Response to Interrogatory No. 5

Defendants object to Interrogatory No. 5 on the grounds that it is overbroad, vague and unduly burdensome, duplicative of Plaintiffs' other Interrogatories, calls for information irrelevant to this dispute and calls for information protected from disclosure by the attorney-client privilege, the attorney work product doctrine and/or other applicable privileges or immunities. Subject to the foregoing General and Specific Objections, Defendants respond that

on multiple occasions, Brant Publications directed Plaintiff in writing not to contact clients or staff during her leave of absence. *See, e.g.,* BRANT ARB 19663 (December 8, 2006 email from Marie Mascaro to Ms. Fuller); BRANT ARB HC 001859 (January 4, 2007 email from Marie Mascaro to Ms. Fuller). Plaintiff repeatedly ignored this direction. In addition, Defendants advised Plaintiff of her poor performance on several occasions, including at a November 21, 2006 meeting. *See* BRANT ARB HC 002045-2047 (Deborah Blasucci's outline for and notes from November 21, 2006 meeting with Ms. Fuller); *see also* BRANT ARB 025066 (December 5, 2006 email from Sandra Brant to Ms. Fuller regarding Ms. Fuller's failure to follow Ms. Brant's instructions).

INTERROGATORY NO. 6

State any other grounds or bases upon which defendants would have terminated, taken adverse employment action, or had the right to take such action against plaintiff, Victoria Fuller, based on "after acquired" evidence. Identify all documents which relate to or form the basis for any such action or right on behalf of defendants.

Response to Interrogatory No. 6

Defendants object to Interrogatory No. 6 on the grounds that it is overbroad, vague, unduly burdensome, duplicative of Plaintiff's other Interrogatories and calls for information protected from disclosure by the attorney-client privilege, the attorney work product doctrine and/or other applicable privileges or immunities. Defendants further object to Interrogatory No. 6 because the term "after acquired" evidence is ambiguous and undefined. Subject to the foregoing General and Specific Objections, Defendants respond that Plaintiff's medical records, which Plaintiff obtained in connection with the arbitration brought by Plaintiff on February 20, 2007 before the American Arbitration Association against Brant Publications

10677132.1                                             11

and Interview, suggest that Ms. Fuller may not have been entitled to FMLA leave and that she may have fraudulently obtained certification for such leave. Evidence of such misconduct would have justified adverse employment action against Plaintiff, up to and including termination of Plaintiff's employment.

INTERROGATORY NO. 7

A) State the basis for the statement at page two of the letter of Deborah Blasucci to Victoria Fuller dated March 22, 2007, that Blasucci did not "find credible" the certification of plaintiff's doctor. B) If defendant Blasucci did not find plaintiff's doctor's certification and or opinions "credible," why defendants did not request the opportunity to "contact the employee's health care provider, with the employee's permission, for purposes of clarification and authenticity of the medical certification" pursuant to the FMLA at 29 C.F.R. 825.307. C) State why, if defendants had "reason to doubt the validity of [the] medical certification [defendants did not] require the employee to obtain a second opinion at the employer's expense" as is permitted pursuant to the FMLA at 29 CFR 825.307. D) State any opinion, including medical or expert opinions, in any form, which were used in defendants disputing the opinions or conclusions of plaintiff's doctors, including identifying any documents relating to defendants' questioning the credibility, disputing or otherwise attempting to ascertain the veracity or accuracy of Dr. Clements certifications and opinions.

Response to Interrogatory No. 7

Defendants object to Interrogatory No. 7 on the grounds that it is overbroad, unduly burdensome, ambiguous, assumes facts not in dispute, calls for legal conclusions and calls for information protected from disclosure by the attorney-client privilege, the attorney work product doctrine and/or other applicable privileges or immunities. Defendants further object to

10677132.1                                12

Interrogatory No. 7 as it is not clear whether it seeks information relating to Plaintiff's first FMLA leave from December 2006 to March 2007 or her second request for FMLA leave on March 12, 2007. Subject to the foregoing General and Specific Objections, Defendants respond that:

(a) As to subsection A) of Interrogatory No. 7, Deborah Blasucci stated in her March 22, 2007 letter that she did "not find credible that [Ms. Fuller's] doctor would certify [her] fitness to return to work on March 6, but, less than a week later, write another letter about impending surgery and a three month recovery period." *See* BRANT ARB HC 001758-59. Ms. Blasucci's statement speaks for itself. In addition, Plaintiff's medical records from Dr. Christina Kwon, which Defendants received in response to their document requests (and Plaintiff's executed HIPAA release), suggest that her surgery was an elective procedure that did not have to be scheduled in March 2007. *See also* P 000149.

(b) As to subsections B) and C), Defendants respected Plaintiff's request for FMLA leave on or about December 7, 2006 (which leave lasted until March 2, 2007) and elected not to exercise their rights to seek a second opinion or clarification from Plaintiffs' physician. As to Plaintiff's March 12, 2007 request for FMLA leave, Deborah Blasucci questioned the credibility of such request and the physician's documentation in support thereof in her March 22, 2007 letter. *See* BRANT ARB HC 001758-59. Defendants did not pursue their rights seek a second opinion or clarification from Plaintiffs' physician with respect to this March 12, 2007 FMLA leave request, however, as they were in the process of investigating Plaintiff's violations of her Employment Agreement and determined that Plaintiff's misconduct required her suspension from work on March 14, 2007, *see* BRANT ARB HC 001789, and the termination of her employment on March 27, 2007, *see* BRANT ARB HC 001757.

(c) As to subsection D), Defendants did not rely on any medical or expert opinions in "disputing" the opinions or conclusions of any of Plaintiff's doctors.

Dated: New York, New York
June 6, 2008

SCHULTE ROTH & ZABEL LLP

By: /s/ Jill G. Mintzer
Mark E. Brossman
Scott A. Gold
Jill Goldberg Mintzer

919 Third Avenue
New York, New York 10022
(212) 756-2000

*Attorneys for Defendants*

10677132.1

13

# EXHIBIT A

## INDEX OF PLAINTIFF'S 2005 AND 2006 EXPENSE REPORTS

| Month & Year | Bates Ranges (BRANT ARB HC) | |
| --- | --- | --- |
| | Beginning Page | End Page |
| January 2005 | 000951 | 000959 |
| February 2005 | 000960 | 000967 |
| | 000087 | 000089 |
| March 2005 | 000968 | 000978 |
| | 000688 | 000689 |
| April 2005 | 000979 | 000983 |
| | 000986 | |
| | 000988 | 000989 |
| | 000695 | 000696 |
| | 000698 | 000702 |
| May 2005 | 000068 | 000069 |
| | 000705 | 000706 |
| | 000708 | |
| | 000711 | 000712 |
| | 000990 | |
| | 000993 | 000998 |
| June 2005 | 000999 | |
| | 001002 | 001005 |
| | 000713 | 000715 |
| | 000719 | 000720 |
| July 2005 | 001008 | 001017 |
| August 2005 | 001018 | 001026 |
| September 2005 | 001027 | |
| | 000738 | 000746 |
| | 001036 | |
| | 001038 | 001039 |
| | 000749 | 000751 |
| | 000070 | 000073 |
| | 000062 | 000067 |
| October 2005 | 001044 | 001049 |
| November 2005 | 001050 | 001080 |
| December 2005 | 001081 | 001083 |
| | 000074 | 000079 |
| January 2006 | 000145 | 000150 |
| | 000880 | 000881 |
| February 2006 | 000151 | 000160 |

10677132.1

|  | 000204 | 000206 |
|---|---|---|
| March 2006 | 000162 | 000168 |
|  | 000884 | 000888 |
| April 2006 | 000169 | 000176 |
|  | 000854 | 000859 |
| May 2006 | 000844 | 000849 |
|  | 000178 |  |
|  | 000180 |  |
|  | 000182 | 000184 |
| June 2006 | 000808 | 000812 |
|  | 000814 |  |
|  | 000207 | 000210 |
|  | 000873 | 000875 |
|  | 000877 |  |
|  | 000186 | 000193 |
| July 2006 | 000797 | 000802 |
|  | 000804 | 000806 |
|  | 000194 | 000199 |
|  | 000203 |  |
| August 2006 | 000212 | 000217 |
|  | 000861 | 000869 |
| September 2006 | 000787 | 000796 |
|  | 000240 | 000244 |
| October 2006 | 000816 | 000823 |
|  | 000825 | 000827 |
|  | 000226 |  |
|  | 000228 |  |
|  | 000234 |  |
| November 2006 | 000248 |  |
|  | 000250 | 000263 |
|  | 000829 |  |
| December 2006 | 000264 | 000265 |

# CERTIFICATE OF SERVICE

JILL GOLDBERG MINTZER, an attorney associated with Schulte Roth & Zabel LLP, does hereby certify that on June 6, 2008, she caused to be served by first class mail a true and correct copy of Defendants' Amended Objections and Responses to Plaintiff's Interrogatories, dated June 6, 2008 upon:

> Alan J. Rich, Esq.
> Law Offices of Alan J. Rich, LLC
> 26 Court Street
> Suite 1801
> Brooklyn, New York 11242

Dated:  June 6, 2008

Jill Goldberg Mintzer

10677132.1

# VERIFICATION

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF NEW YORK   )

Deborah Blasucci, being duly sworn, deposes and says:

1. I am an individual defendant in the above-captioned action.

2. I am the Executive Vice President and Chief Financial Officer of Brant Publications, Inc. ("Brant Publications"), a Defendant in the above-captioned action, and I am the agent of Brant Publications and its subsidiary, Interview, Inc. ("Interview"), also a Defendant in the above-captioned action, for the purpose of answering Plaintiff's Interrogatories.

3. I have read the foregoing Amended Objections and Responses to Plaintiff's Interrogatories and the same are true to the best of my information, knowledge and belief.

4. I am signing this verification in my individual capacity and as an agent of Brant Publications and Interview.

_____
Deborah Blasucci

Sworn before me this
6th day of June, 2008

_____
Notary Public

MARIE MASCARO
NOTARY PUBLIC State of New York
No. 01MA4778628
Qualified in New York County
Certificate Filed in New York County
Commission Expires 1-31-2010

10677132.1

## VERIFICATION

STATE OF NEW YORK   )
                    )  ss:
COUNTY OF NEW YORK  )

Sandra J. Brant, being duly sworn, deposes and says that she is an individual defendant in this action, and that she has read the foregoing Objections and Responses to Plaintiff's Interrogatories and that the same are true to the best of her information, knowledge and belief.

_____
Sandra J. Brant

Sworn before me this
_6_ day of ~~May~~ June, 2008

_____
Notary Public

MARIE MASCARO
NOTARY PUBLIC State of New York
No. 01MA4778628
Qualified in New York County
Certificate Filed in New York County
Commission Expires _1-31-2010_

10677132.1