# Alan Rich

| | |
|---|---|
| **From:** | Peter Shapiro [pshapiro@lbbslaw.com] |
| **Sent:** | Thursday, February 11, 2010 9:28 PM |
| **To:** | Alan Rich |
| **Subject:** | Re: Fuller v Interview - Arbitratioon |

I will review the issue regarding whether the discovery objections need to be revisited, and will get back to you next week. In any event, any supplemental document production addressed by the response and that may be necessary if I do agree to provide additional documents will not occur as rapidly as you request. I should know better next week what the timetable looks like.

I am advised that there is little that can be done with respect to the manner in which the documents on the cd were produced. They are separate emails or other discrete documents, not larger documents broken up for purpose of document production. Thus, the only other way we could produce same to you would be (1) to print them out and provide you with hard copies, which we are not obligated to do and do not intend to do, or (2) go through considerable maneuvering to combine the separate documents into larger documents to make it easier for you to look through them, which we also do not plan to do. Also, given the nature of the extensive document production, it is not possible to go through individual documents and state which of your requests they may be responsive to. I am confident that the documents are readily understandable and that you will be able to form your own conclusion as to the import of same. To the extent you are unable to do so, you can follow up with me and also inquire during depositions.

Peter T. Shapiro, Esq.
Lewis Brisbois Bisgaard & Smith LLP
199 Water Street
New York, NY 10038
Phone: 212-232-1322
Fax: 212-232-1399


>>> "Alan Rich" <arich@richlaw.us> 2/8/2010 11:25 PM >>>
**Arbitration Discovery issues**
I write in regard to your February 8, 2010 response to our January 4, 2010 request.

Separately, as I discussed during the court conference today, please advise if you will remedy the problem of the thousands of separate pdf documents produced in the CD-ROM discs. I've raised this before on several occasions. Prior counsel told me that they were using some software which enabled them to look through the documents easily. I do not have any such proprietary software and am not under any obligation to purchase any.

I cannot examine these documents without separately opening each of tens of thousands of documents which is impossible. **Please promptly produce those documents by Monday, February 15, 2010 in a usable form containing large documents.** Obviously I can at least look at, for example, 15 documents of 1,500 pages rather than 45,000 separate documents.

Please also call to discuss the arbitration responses. They are entirely improper and unacceptable on numerous accounts.

First, it is unacceptable to direct me wholesale to other documents to see your responses, including directing me to responses which are not even discovery responses produced in the arbitration.. It is entirely inappropriate where the purpose of discovery is to enable the parties to understand the facts and the bases for their respective claims, to turn this into an Easter egg hunt, sending me from document to find out your response is. Additionally, neither this nor any of the prior document disclosures in this action, state what documents are responsive to what requests. Rather, a big document dump was made enclosing documents -- no responses to documentary request, no explanation -- just a giant document dump of tens of thousands of documents - each in a separate pdf.

7/18/2010

Responses are required to each request, identifying which documents are responsive to each particular request.

On a substantive note, in this Feb. 8 response, you fail to provide a single document or piece of information and make pro forma objections to every request. I am not going to waste my time going over them individually at the start -- not where the response can go over them.

Where you do state that you "will" provide information or "will" provide responsive documents, I cannot understand why when given a month, your responses simply contain objections at best, and at worst, state that you "will" provide documents, "if responsive" or you "will" provide information if found.

After a month, I should be provided the documents and the reponses. Please provide the an amended response, indicating what documents or information is being produced that are responsive to each request in a fully amended version of the responses. **I presume that I will have same by next Monday, February 15, 2010, which will have given you a total of six weeks to fully responde, produce documents and provide answers.**

I will address a couple of issues generally. You make broad objections to our requests for items such as the personnel records of other employees, reimbursement requests of other employees/managers, credit card accounts, etc. These are directly relevant to the issues at hand. Mrs. Fuller was accused of breaching her contract by improperly seeking reimbursement for allegedly personal items.

Accordingly, what are the standards and practices for what are allowable expenses and charges, what constitutes personal expenses versus business expenses, is critical to plaintiff's claim and your defense. If the standard is that one person can make an expenditure which has the most tangential of business connections and be reimbursed, or can charge, pay by check or otherwise have the company pay for it, is a question as to what the standards and practices of the company in this connection that claimant has the right to know.

Additionally, some employees would submit expense sheets and have items rejected and would be told to resubmit...until they got it right. This was never the case of Mrs. Fuller. In fact, she was never told that any of her expenses were unjustified when she was there, nor when she was on leave, nor when she returned from leave **and not even when she was terminated.** It wasn't until we propounded Interrogatories in the federal action that we learned that Interview was accusing her of criminal acts and submitting false expense reports as a basis for termination. Unlike others who submitted personal expenses, had their expense reports bounced and were given an opportunity to resubmit, **no one ever asked Mrs. Fuller to do so, nor even asked her to justify the expenses that were claimed to have been fraudaulent.**

**If you are not willing to provide employee files and such financial documentation in view of this claim, Interview has no right to claim that Mrs. Fuller's expense reports are improper if what she submitted was well within the norms of what others were knowingly permitted to charge or be reimbursed for by the company.** Such requests are proper.

Similarly, Fuller's request for copies of checks she paid to Interview for the occasional charge she made on a company account for a personal item. Refusal to provide copies of same denies evidence that plaintiff intended to fully reimburse the company for any personal charges and also go to the issue of material dishonesty. A person who pays the company back for using the comapny Federal Express account is unlikely to be robbing the company through the expense process. Such requests are proper based on relevance and clearly based on her intent. Even assuming, *arguendo,* that respondent is able to show that plaintiff put through a few personal expenses, that fact alone is not sufficient to show material dishonesty. Where Fuller's intent is critical, anything tending to show her intent is relevant.

Similarly, requests for documents relating to other employees who went on leave is proper. We believe that no other employee was directed not to communicate with co-employees or clients while on leave and that such direction to the plaintiff demonstrates that in reality, Interview had no issue with Fuller's expenses, but was taking its action for some other reason.

It is truly a waste of my time to have to address such a blunderbuss boilerplate set of objections and responses. I sincerely do not think that you actually believe that an arbitrator or judge will think that such a set of objections and responses has any merit, **particularly in view of the absurd claims of Interview which withheld the alleged reasons for plaintiff's termination until more than a year after termination, and only revealed them pursuant to a discovery request in the federal action.**

7/18/2010

**Your response has given me nothing - no information and no documents**. I suggest that you reexamine your responses to all the requests and note those items for which you will provide what is asked, those you will not and those you think you might do in modified form. Then we can have an intelligent discussion. Call me in the next couple of days to have a realistic discussion, you should serve an amended response, which in a week should include any of the information and documents you have already agreed to provide, and then we will have an appropriate narrowing of the issues and move forward to addressing such remaining issues to the arbitrator as are necessary.

Thank you for your attention to this matter.

Alan J. Rich, Esq.
**Law Offices of Alan J. Rich, LLC**
26 Court Street, Suite 1801
Brooklyn, NY  11242
Tel: 212.921.2244
ARich@RichLaw.US


No virus found in this incoming message.
Checked by AVG - www.avg.com
Version: 8.5.435 / Virus Database: 271.1.1/2682 - Release Date: 02/11/10 16:09:00

7/18/2010