## Alan Rich

**From:** Peter Shapiro [pshapiro@lbbslaw.com]
**Sent:** Tuesday, April 06, 2010 6:59 PM
**To:** Alan Rich
**Subject:** Re: Fuller - Interview Arbitration - Case No. : 13 116 00418 07

I am not going to respond item by item as it would not be productive, but needless to say I don't agree with everything you have set forth in your email. The arbitrator's ruling will speak for itself. Meanwhile we will try to resolve the open issues including the largest issue about the format for production of documents in good faith as directed.

Peter T. Shapiro, Esq.
Lewis Brisbois Bisgaard & Smith LLP
199 Water Street
New York, NY 10038
Phone: 212-232-1322
Fax: 212-232-1399


>>> "Alan Rich" <arich@richlaw.us> 04/06/10 6:58 PM >>>
As per our conversation following the hearing today, I await your advising of when we can communicate with your IT staffer.

Please review my email of earlier today regarding the electronic file issues.

As for Ms. Tan's statement during the conference that we were provided TIFF files, that is incorrect. The four discs contained pdf image files and lft files - no TIFF files. For Concordance to search a document, the document must be searchable BEFORE placed in the database. I suspect that your firm must have those 32,000 documents in a searchable pdf format or some other searchable format otherwise it would be a waste to even use a database like Concordance.

I have done research and the combining of files can be done easily within Acrobat so that is no longer an issue. However, being provided image pdf's when the source document was a pst, itself a searchable document, makes no sense. Please advise what program was used to convert the documents to the pdf image files I was provided. Please also advise if there is any actual substantive content on the lft files, of if they are only files used to organize a database program and are thereby unnecessary.

In addition, a matter not previously discussed, I ask you to check this matter with your files. As I have been looking at the files in question, I examined a file in the following folder produced with your discs. For example, in disc #3, at PROD003\IMAGES\00\00, the files begin with BRANT ARB 024621 and continue to BRANT ARB 026958. However, when I checked on the properties tab, there were only 1,000 documents, rather than the 2,337 documents that are within that number range. As described below, Mr. Berger directed that you provide specific responses to our discovery requests, specifying what documents are responsive to what requests. However, in this situation, we do not even have a list of what documents were provided. Here, we must be provided with a list of the documents your predecessor provided us that we can agree on so that there is no dispute as to how many documents these discs contained and what they are.

As for the conference itself, I will recap the relevant portions here:

1. we are to discuss with your IT people and resolve the matter by April 16 as to the documents at issues. You indicated before that you do not know what the original format of the documents you intend to produce. If they are paper, you may produce them in paper. Certainly, it would be more convenient if they were provided in a simple searchable pdf.

2. We are to provide a revised discovery schedule to the arbitrator after we resolve the above matter. revised time schedules for discovery

3.  We confirmed that I do not owe you any discovery in the arbitration. The arbitrator gave respondents 30 days to produce documents that you view as owed.

4.  With your production, you are to revise your responses to document requests or document related requests and specify which documents are responsive to each request. You also agreed to revisit the information portions of your responses (interrogatory type requests) to Claimant's January 10, 2010 request and where you view that a more complete answer is appropriate, you will amend your response accordingly. You will also incorporate the prior ruling whereby you may only refer to arbitration related documents in your responses and not documents or discovery produced outside of the arbitration.

5.  We need to resolve the protective order issue between us. This may resolve the document redaction issue and remove any need for respondents' provision of redacted documents. Mr. Berger indicated that this may resolve the issue. Your privilege log does not contain any references to any of the redacted documents. Accordingly, following resolution, I view that the redacted pages should be provided in complete form.

6.  After paper discovery is resolved, we are allowed up to three depositions per side which is to be conducted within 60 days of the resolution and receipt of the paper discovery.

7.  I asked for the calendars for the persons whose expenses were requested. I indicated that was in part because my client advised that an employee's calendar was submitted with the expense report and receipt so that they could be checked against each other. In addition, what purports to be Mrs. Fuller's calendars were pulled and used to compare to her expense reports and are allegedly the basis for the central claims in this case that her business activity as reflected on her calendars did not match her claimed expenses, a fact that we did not learn until a year and a half into this litigation.

The arbitrator indicated that you are to see if the calendars are available and produce same, if available. They may be available in electronic form, as was produced in connection with Mrs. Fuller, and physical documents may also be in a different location that has not been searched, such as in connection with the expense submissions or elsewhere. You've indicated that you will search for and produce same, if available.

8.  Mr. Berger emphasized that many of these items could have been and should have been resolved by the parties, particularly since this is essentially an item by item undertaking. He urged us to speak to each other and cooperate. Please do so.

I additionally would expect that you do so in a civil way. I did not appreciate being screamed at or called a liar during today's hearing. I presume that you already understand that bullying tactics will not provide you any advantage. Nor do they cause me any feelings in any regard. However, they are unprofessional and such behavior does not lend itself to the type of cooperative efforts that we need to engage in and that the Arbitrator is demanding of us. If it were not clear from Mr. Berger's repeated comments, most of these problems should have been resolved between us. After you served a dismissive response to our January 10, 2010 discovery requests, it should not have taken multiple requests to you followed by a letter to the arbitrator to get you to begin to produce volumes of responsive documentation. Let's both agree to do better and work cooperatively.

I look forward to speaking with you and your IT specialist and to working on the above matters cooperatively.

Thank you.


Alan J. Rich, Esq.
**Law Offices of Alan J. Rich, LLC**
26 Court Street, Suite 1801
Brooklyn, NY  11242
Tel: 212.921.2244
ARich@RichLaw.US


No virus found in this incoming message.
Checked by AVG - www.avg.com
Version: 9.0.800 / Virus Database: 271.1.1/2785 - Release Date: 04/06/10 14:32:00


7/18/2010