AMERICAN ARBITRATION ASSOCIATION
NEW YORK COUNTY, NEW YORK
-------------------------------------------------------------------X
In the matter of the Arbitration Between
VICTORIA FULLER,                                        Case No. 13 116 00418 07

                                        Claimant,

                                                        **ANSWER TO**
             -and-                                       **AMENDED CLAIM**

INTERVIEW MAGAZINE, BRANT PUBLICATIONS,
INC.,

                                        Respondents.
-------------------------------------------------------------------X


        Respondents Interview, Inc. ("Interview") and Brant Publications, Inc. ("Brant"), by
their attorneys Lewis Brisbois Bisgaard & Smith LLP, as and for their Answer to the
Amended Claim (the "Amended Claim") filed by Claimant Victoria Fuller ("Claimant" or
"Fuller"), in the above-captioned dispute, respectfully state as follows:

        1.      Deny knowledge or information sufficient to form a belief as to the truth of
the allegations contained in paragraph 1 concerning the location of Claimant's current
place of residence, and admit that Claimant is represented in this dispute by Alan J.
Rich, Esq.

        2.      Admit the allegations contained in paragraph 2, except state that the
respondents' telephone number is now 212-941-2880.

        3.      Deny the allegations contained in paragraph 3, except admit that, on or
about February 14, 1994, Claimant commenced employment with Interview and she
continued as an employee until Interview notified Claimant that her employment was
being terminated for cause.

4.    Deny the allegations contained in paragraph 4, except admit that Interview employed Claimant in the position of Vice President/Associate Publisher at the time that her employment was terminated.

5.    Deny the allegations contained in paragraph 5.

6.    Deny the allegations contained in paragraph 6, except admit that, in addition to the title Vice President/Associate Publisher, Claimant had held other titles including Fashion Manager, Fashion Director and Advertising Director.

7.    Deny the allegations contained in paragraph 7, except admit that Interview did not take disciplinary actions against Claimant before it identified the conduct that supplied the basis for her termination.

8.    Deny the allegations contained in paragraph 8, and respectfully refer to Section 2 entitled "Duties" of the Employment Agreement dated August 15, 2002 and the amendments and schedules annexed thereto (the "Employment Agreement"), a copy of which is annexed as Exhibit A to the Amended Claim, for a true and accurate recitation of its contents.

9.    Deny the allegations contained in paragraph 9.

10.    Admit the allegations contained in paragraph 10.

11.    Admit the allegations contained in paragraph 11.

12.    Deny the allegations contained in paragraph 12, except respectfully refer to the Employment Agreement for a true and accurate recitation of its contents.

13.    Deny the allegations contained in paragraph 13, except respectfully refer to the Employment Agreement for a true and accurate recitation of its contents.

14.    Deny the allegations contained in paragraph 14, except respectfully refer to the Employment Agreement for a true and accurate recitation of its contents.

15.     Deny the allegations contained in paragraph 15, except respectfully refer to the Employment Agreement for a true and accurate recitation of its contents.

16.     Deny the allegations contained in paragraph 16, except admit that in 2006 Interview paid Claimant approximately $120, 215 in commissions.

17.     Deny the allegations contained in paragraph 17.

18.     Deny the allegations contained in paragraph 18.

19.     Deny the allegations contained in paragraph 19, except admit that, on or about December 7, 2006, Claimant commenced medical leave which was treated as leave pursuant to the Family and Medical Leave Act ("FMLA Leave").

20.     Deny the allegations contained in paragraph 20, except admit that Claimant did not return to work until March 2, 2007.

21.     Deny the allegations contained in paragraph 21.

22.     Deny the allegations contained in paragraph 22, except admit that Interview paid Claimant certain commissions through December 31, 2006.

23.     Deny the allegations contained in paragraph 23, except admit that Interview did not pay Claimant commissions for January 2007 through March 2007.

24.     Deny the allegations contained in paragraph 24, except admit that Interview did not pay Claimant commissions for March 2007.

25.     Deny the allegations contained in paragraph 25, except refer to the Employment Agreement and the Schedule of Salary Continuation Benefits for Full Time Employees, a copy of which is attached as Exh. B to the Amended Claim, for a true and accurate recitation of the contents of those documents to the extent they bear on Claimant's employment and her entitlement, if any, to benefits.

26.     Deny the allegations contained in paragraph 26, except refer to the Employment Agreement and the Schedule of Salary Continuation Benefits for Full Time Employees for a true and accurate recitation of the contents of those documents to the extent they bear on Claimant's employment by Interview and her entitlement, if any, to benefits.

27.     Deny the allegations contained in paragraph 27, except refer to the letter dated March 14, 2007 (the "March 14 Letter"), a copy of which is annexed to the Amended Claim as part of Exhibit C., for a true and accurate recitation of its contents.

28.     Deny the allegations contained in paragraph 28, except admit that on March 27, 2007, Interview terminated Claimant's employment, and refer to the letter dated March 27, 2007 (the "March 27 Letter") a copy of which is annexed to the Amended Claim as part of Exhibit C, for a true and accurate recitation of its contents.

29.     Deny the allegations contained in paragraph 29, except admit that Interview did not pay Claimant commissions for March 2009.

BREACH OF CONTRACT:
FAILURE TO PAY COMMISSIONS

30.     Deny the allegations contained in paragraph 30.

31.     Deny the allegations contained in paragraph 31.

BREACH OF CONTRACT:
WRONGFUL "TERMINATION FOR CAUSE"

32.     Deny the allegations contained in paragraph 32, except admit that on March 27, 2007, Interview terminated Claimant's employment, and refer to the March 27 Letter for a true and accurate recitation of its contents.

33.     Deny the allegations contained in paragraph 33, except refer to the Employment Agreement for a true and accurate recitation of its contents.

34.     Deny the allegations contained in paragraph 34, except refer to the Employment Agreement for a true and accurate recitation of its contents.

35.     Deny the allegations contained in paragraph 35, except admit that Interview did not interview Claimant about her misconduct, and instead relied on evidence gathered during the course of investigation.

36.     Deny the allegations contained in paragraph 36, except admit that Interview did not question Claimant about her misconduct, and instead relied on evidence gathered during investigation.

37.     Deny the allegations contained in paragraph 37, and refer to the pertinent documents for the contents thereof.

38.     Deny the allegations contained in paragraph 38.

39.     Deny the allegations contained in paragraph 39, except admit that Interview employees provided information used during Interview's investigation.

40.     Deny the allegations contained in paragraph 40.

41.     Deny the allegations contained in paragraph 41.

42.     Deny the allegations contained in paragraph 42.

43.     Deny the allegations contained in paragraph 43.

44.     Deny the allegations contained in paragraph 44.

45.     Deny the allegations contained in paragraph 45 and state further that any alleged company practice described by Claimant was not applicable to the conduct committed by Claimant.

46.     Deny the allegations contained in paragraph 46.

47.     Deny the allegations contained in paragraph 47.

48.     Deny the allegations contained in paragraph 48.


ADDITIONAL BREACHES

49.     Deny the allegations contained in paragraph 49.

50.     Deny the allegations contained in paragraph 50.

51.     Deny the allegations contained in paragraph 51, and refer to the Employment Agreement for a true and accurate recitation of its contents.

52.     Deny the allegations contained in paragraph 52.


DAMAGES CLAIMS

53.     Deny the allegations contained in paragraph 53, except admit that Claimant purports to seek relief as stated therein.

54.     Deny the allegations contained in paragraph 54, except admit that Claimant purports to seek relief as stated therein.

55.     Deny the allegations contained in paragraph 55, except admit that Claimant purports to seek relief as stated therein.

## REQUESTED HEARING LOCATION

56.     Admit the allegations contained in paragraph 56, in that the hearing location stated therein is proper.

## AFFIRMATIVE DEFENSES

### I.

### Interview Properly Terminated Claimant's Employment For Cause

57.     Interview commenced an investigation into allegations that Claimant fraudulently fabricated expense reports.

58.     On March 14, 2007, Interview suspended Claimant without pay pending the outcome of its investigation.  See March 14 Letter.

59.     The Employment Agreement provides in relevant part that Interview may by written notice immediately terminate Claimant's employment "for cause" if Claimant engaged in: "(a) embezzlement, theft, larceny, material fraud, or other acts of material dishonesty."  See Employment Agreement § 6.1 (a).

60.     On March 27, 2007, by written notice, Interview terminated Claimant's employment in pursuant to § 6.1 (a) after determining that Claimant had signed and submitted fake and fabricated expense reports.  See March 27 letter.

61.     Interview properly terminated Claimant's employment for cause based on its determination that Claimant had charged t housands of dollars in ordinary living expenses to the company by disguising same as client entertainment expenses and the like.

II.

## No Jurisdiction Over New York Labor Law Claims

62.     The Arbitrator and the American Arbitration Association do not have jurisdiction over the New York Labor Law claims asserted in paragraph 54.

63.     The Employment Agreement's arbitration provisions do not encompass statutory claims.

III.

## Claimant Cannot Assert New York Labor Law Claims

64.     In any event, under New York law, Claimant, an exempt executive, does not have a cognizable claim under Labor Law § 198.

65.     Respondents cannot determine from Claimant's citation to "New York Labor Law § 191(c)" to which New York Labor Law Claimant intended to refer:  New York Labor Law § 191(1)(c) or New York Labor Law § 191-c.

66.     Claimant is not covered by § 191(1)(c), which applies to "commission salesm[e]n," because she is an executive and therefore excluded from the definition of "commission salesman."  *See* New York Labor Law § 190(6) ("The term 'commission salesman' does not include an employee whose principal activity is of a supervisory, managerial, executive or administrative nature.").

67.     Claimant is not covered by § 191-c, which applies to "sales representative[s]", because she is not an independent contractor, and therefore not a "sales representative" pursuant to § 191-c.

IV.

Claimant Has Unclean Hands

68.     Claimant engaged in illegal and unethical conduct in her capacity as Vice President/Associate Publisher that support Interview's termination of her employment "for cause" (as defined in the Employment Agreement).


WHEREFORE, Respondents demand an award: (i) dismissing Claimant's Amended Claim in its entirety for the reasons stated herein; (ii) ordering Claimant to pay Respondents' attorneys' fees, costs and expended pursuant to Section 11.2 of the Employment Agreement; and (iii) granting such further and other relief as is just and proper.

Dated: New York, New York
        December 4, 2009


LEWIS BRISBOIS BISGAARD & SMITH LLP


By: _____
    Peter T. Shapiro, Esq.
    Attorneys for Respondents
    New York, New York  10038
    212-232-1300
    pshapiro@lbbslaw.com


To:   Alan J. Rich, Esq.
      Law Offices of Alan J. Rich, LLC
      Attorneys for Claimant
      26 Court Street – Suite 1807
      Brooklyn, New York 11242
      212-921-2244

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK      )
                                           ) ss:
COUNTY OF NEW YORK  )


Maryanne Fishman, being duly sworn, deposes and says:

I am not a party to this action, I am over eighteen (18) years of age and I reside in the State of New York, County of Kings.

That on December 4, 2009, deponent served the attached **Answer to Amended Complaint** upon the following:

> Alan J. Rich, Esq.
> Law Offices of Alan J. Rich, LLC
> Attorneys for Claimant
> 26 Court Street – Suite 1807
> Brooklyn, New York 11242
> 212-921-2244
> arich@richlaw.us

Via Email and by mailing same in a sealed envelope, with postage prepaid thereon via *First Class Mail* within the State of New York.

_____
Maryanne Fishman

Sworn to before me this
4th day of December, 2009.

_____
Notary Public

DANIELLE SHAW
NOTARY PUBLIC, State of New York
No. 01SH6151041
Qualified in Kings County
Commission Expires  8/7/2010